IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE L. MOTHERSHED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-18-596-D |
| | ) |
| STATE OF OKLAHOMA, *ex rel.* | ) |
| Justices of the Oklahoma Supreme | ) |
| Court and Judges of the Court of Civil | ) |
| Appeals of the State of Oklahoma, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff George L. Mothershed's Affidavit and Petition to Proceed Pro Se [Doc. No. 3]. Plaintiff, who is an attorney, is subject to filing restrictions previously imposed in *Mothershed v. State of Oklahoma ex rel. Oklahoma Bar Association*, Case No. CIV-13-435-C (W.D. Okla. Dec. 20, 2013), *aff'd*, No. 14-6044 (10th Cir. July 1, 2014) (hereafter "Order"). His filing is designed to satisfy the requirements of the Order to bring a new action without counsel. With the filing, Plaintiff has also filed a Complaint for Declaratory and Injunctive Relief [Doc. No. 1] and three motions.

Upon consideration, the Court finds that Plaintiff has not shown he should be permitted to proceed *pro se* on the claims asserted in his proposed Complaint. Plaintiff intends to sue the justices of the Oklahoma Supreme Court and certain judges of the Oklahoma Court of Civil Appeals under 42 U.S.C. § 1983. Plaintiff claims his federal constitutional rights were violated in a state court appeal where he, as the appellant, was

not permitted to file an appellate brief because the appeal was decided under the accelerated procedure provided by Rule 1.36 of the Oklahoma Supreme Court Rules. *See Apache Corp. v. Mothershed*, Case No. 115,367 (Okla. Civ. App. Jan. 20, 2017), *cert. denied*, Order (Okla. Sept. 25, 2017), *cert. denied*, 138 S. Ct. 675 (Jan 8, 2018). Plaintiff would seek an order "enjoining the Defendants . . . from enforcing the Oklahoma appellate courts' Okla. Sup. Ct. R. 1.36(g) summary appeals provisions [that] prohibit the lawful filing of [an] appellate merits brief" and a declaratory judgment "that the state court legislated rule, Okla. Sup. Ct. R. 1.36(g) summary appeals, is null and void" and "that all appellate proceedings conducted under Okla. Sup. Ct. R. 1.36(g) summary appeals, including the Oklahoma Supreme Court, *Apache Corp. v. George L. Mothershed, et al.*, Case No. No. [sic] SD-115367 are null and void." *See* Compl. [Doc. No. 1] at 33-34.

Although Plaintiff certifies that the legal theories and arguments he raises in this action are not frivolous, the Court disagrees. Plaintiff asserts that, because he presents his § 1983 claim as an attack on an unconstitutional court rule and not merely the decision in his case, his claim does not run afoul of the *Rooker-Feldman* doctrine.[1] *See* Compl. ¶ 4. However, Plaintiff ignores other legal impediments to his suit, some of which are jurisdictional. Plaintiff proposes to sue state court judges who as individuals enjoy absolute immunity from suit and as state officials enjoy sovereign immunity under the Eleventh Amendment. Although the Eleventh Amendment does not bar an official-capacity suit that seeks only prospective relief under *Ex parte Young*, 209 U.S. 123 (1908), such relief is not

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983).

available against judges under Section 1983. As amended in 1996, Section 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[2]

Further, Plaintiff does not establish his standing to pursue the injunctive and declaratory relief he intends to seek. Plaintiff "must demonstrate a continuing injury to establish standing for prospective relief." *Jordan v. Sosa*, 654 F.3d 1012, 1019 (10th Cir. 2011). Like prospective injunctive relief, "[a] declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act." *Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010 (citing *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable.")). Plaintiff alleges no facts that would show he may be subjected to Rule 1.36(g) in the future. Therefore, Plaintiff fails to establish his standing to seek declaratory or injunctive relief concerning the constitutionality of Rule 1.36(g).

IT IS THEREFORE ORDERED that Plaintiff's Petition to Proceed Pro Se [Doc. No. 3] is DENIED and the Complaint for Declaratory and Injunctive Relief [Doc. No. 1], which was provisionally filed by the Clerk, is DISMISSED without prejudice.

---

[2] Plaintiff obviously knows of the judicial immunity provided by § 1983 due to prior unsuccessful attempts to sue judges who have presided over his cases. *See*, *e.g.*, *Mothershed v. Thomson*, No. CV-04-2266-PHX-JAT, 2006 WL 381679 (D. Ariz. Feb. 16, 2006), *aff'd*, 235 F. App'x 682 (9th Cir. 2007).

IT IS FURTHER ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* [Doc. No. 2], Plaintiff's Application for an Order to Defendants to Show Cause Why His Pending Motion for Injunction and Declaratory Relief Should Not Be Granted [Doc. No. 4], and Plaintiff's Motion for Preliminary Injunction and Declaratory Relief [Doc. No. 6] are DENIED as moot.

IT IS SO ORDERED this 27th day of June, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE